# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1451

_____

United States of America,      \*

                              \*

           Appellee,      \*

                              \*   Appeal from the United States

      v.                         \*   District Court for the Northern

                              \*   District of Iowa.

Michael Dennis Vieth,      \*

                              \*

           Appellant.      \*

_____

Submitted:  November 19, 2004
Filed:  February 8, 2005

_____

Before MURPHY, LAY, and MELLOY Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Michael Dennis Vieth appeals his conviction for conspiracy to manufacture and distribute methamphetamine.  Vieth argues that the district court[1] erred when it admitted evidence of prior bad acts under Federal Rule of Evidence

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

404(b) and when it denied his motion for a new trial based upon alleged Brady and Jencks Act violations. We affirm on both counts.

## I.

On June 20, 2001, a grand jury returned an indictment against Vieth, Brent Bast, Susan Marsolek, and James Starkey for: (1) conspiring to manufacture, distribute, and possess with intent to distribute methamphetamine; (2) manufacturing and attempting to manufacture methamphetamine; and (3) possessing with intent to distribute methamphetamine. The prosecution alleged that, in the summer of 2000, Bast engaged in distribution of methamphetamine with Marsolek and Starkey in the area of Mason City and Clear Lake, Iowa. They further alleged that in late August or early September 2000 Vieth became involved in the conspiracy with the other three defendants. Specifically, it was alleged that Vieth attempted to procure precursor materials with Bast, to assist Bast with the manufacturing of methamphetamine, and to distribute methamphetamine.

On September 17, 2000, police found Bast in his car with precursor materials. Believing that Bast was connected with Marsolek, police offers went to Marsolek's apartment. Outside of Marsolek's home, the police found Starkey, Vieth, and Marsolek in a vehicle. While the police were attempting to identify the three people, Vieth ran away. After the police caught him, they discovered he had approximately 3.4 grams of methamphetamine in his pocket. The police also found equipment associated with the manufacture of methamphetamine in Marsolek's car.

At Vieth's trial, Marsolek and Starkey testified against Vieth. Defense counsel attempted to impeach both witnesses based upon inconsistencies between their testimony and prior statements to the police. Also, during the trial, the district court admitted evidence of two prior incidents that involved Vieth and methamphetamine.

Vieth was convicted on all three counts. The jury found that the conspiracy involved more than five grams of pure methamphetamine and more than fifty grams of mixed methamphetamine. The district court sentenced Vieth to 120 months of imprisonment. Judgment was entered against Vieth on February 18, 2004. Vieth filed a motion for a new trial, arguing that the government withheld statements in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500. The motion was denied by the district court.

Vieth appeals the decision of the district court for two reasons. First, he argues that the district court improperly admitted evidence, under Rule 404(b), of two prior incidents where Vieth was involved in methamphetamine-related crimes. Second, he argues that the district court should not have denied his motion for a new trial. We discuss each of those issues below, as well as a Blakely issue Vieth raised in a Federal Rule of Appellate Procedure 28(j) letter.

II.

The first issue on appeal is whether the district court improperly admitted evidence under Rule 404(b). We review a trial court's evidentiary rulings for abuse of discretion. United States v. Esparza, 291 F.3d 1052, 1054 (8th Cir. 2002).

Rule 404(b) permits a trial court to admit evidence of prior acts by a defendant to prove things such as motive, intent, knowledge, and absence of mistake. Fed. R. Evid. 404(b). To be admissible under Rule 404(b), the evidence must be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995) (quoting United States v. Jones, 990 F.2d 1047, 1050 (8th Cir. 1993)).

-3-

In the present matter, Vieth challenges two separate admissions of Rule 404(b) evidence. First, Vieth contends that the district court improperly admitted evidence of his prior possession of equipment used to manufacture methamphetamine found subsequent to a police stop on June 25, 1999, in Belle Plaine, Iowa. Second, Vieth argues that the district court should have excluded evidence pertaining to a September 11, 2000 search of vehicle in Hampton, Iowa, in which Vieth was a passenger. In that search, police found methamphetamine precursors and equipment used to manufacture methamphetamine.

Vieth argues that the district court should have excluded evidence of both incidents because they showed mere presence by him and did not prove motive, intent, knowledge, or absence of mistake.[2] However, both prior incidents pertain to Vieth's state of mind at the time of the crime. This court has repeatedly held that prior acts similar to Vieth's are admissible under Rule 404(b) to refute arguments that a defendant was merely present and not part of the conspiracy. See, e.g., United States v. Mendoza, 341 F.3d 687, 692 (8th Cir. 2003) (defendant's prior conviction for drug trafficking was admissible to rebut defense that the defendant was merely present); United States v. Frazier, 280 F.3d 835, 847-48 (8th Cir. 2002) (evidence of a prior drug possession and sale to an undercover officer were admissible to rebut defendant's claim that he did not knowingly join a conspiracy).

_____

[2] Both pieces of evidence were admitted under Rule 404(b). As to the September 11, 2000 incident, we question whether that is truly Rule 404(b) evidence. The incident was within the time period of the charged conspiracy, just six days before Vieth's arrest, and involved the same drugs — methamphetamine. We believe the evidence could have been admitted under Rule 402 as relevant to the charged conspiracy. However, we are also analyzing the issue under the basis on which the evidence was admitted, Rule 404(b).

-4-

Vieth further argues that even if the two incidents were material, their prejudicial effect outweighed their probative value. However, the similarity between the prior incidents and the present one gives the incidents substantial probative value. When a defendant has been involved in prior manufacturing of methamphetamine, as Vieth has, it is not generally prejudicial to admit such evidence in a similar case. See e.g. United States v. Felix, 867 F.2d 1068, 1073 (8th Cir. 1989). Further, this court gives great deference to the discretion of the district court in such decisions. Id. at 1072. The district court, in this case, used reasonable judgment and did not exceed its discretion by admitting evidence of very similar events that were close in time and location to the ones in the present matter.

III.

Vieth also appeals the district court's failure to grant a new trial based upon alleged Jencks Act and Brady violations. This court reviews a district court's denial of a Brady motion for a new trial for abuse of discretion. United States v. Gary, 341 F.3d 829, 832 (8th Cir. 2003).

Vieth alleges a Brady and Jencks Act violation because he believes the government possessed and failed to disclose prior statements from two witnesses, Marsolek and Starkey. Vieth believes this because the content of the witnesses' testimony at trial differed from the content of prior written statements that the government did disclose. Specifically, he argues that the written statements about a September 17, 2000 trip to Story City, Iowa in contrast to testimony at trial, do not mention Starkey's presence, Vieth's role in supplying drugs to deal during the trip, and details about a box Vieth brought back to the car during the trip. In addition, according to Vieth, the prosecution appeared to know that the content of the testimony was going to differ from the content of the statements provided to Vieth. Vieth infers that undisclosed prior statements must exist and that these undisclosed statements mirrored the witnesses' actual trial testimony.

In Brady, the Supreme Court held that due process requires the government to disclose to the defense all evidence favorable to the accused. Brady, 373 U.S. at 87. To find a Brady violation, evidence must be material and exculpatory and have been suppressed by the government. Gary, 341 F.3d at 833. Violations under Brady are cause for reversal "if 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" United States v. O'Conner, 64 F.3d 355, 358 (8th Cir. 1995) (quoting United States v. Bagley, 473 U.S.. 667, 682 (1985)). A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome" of the trial. Id.

There was no Brady violation here because, even if other statements existed, they were not exculpatory. Evidence must be favorable to the accused to create a Brady violation. Gary, 341 F.3d at 833. In the present matter, the testimony at trial proved any non-disclosed statements were only incriminating of Vieth and were not exculpatory. While there may have been differences between the witnesses' testimony and their disclosed statements, that was an issue Vieth's counsel pursued by impeaching the witnesses with their prior inconsistent statements. As a result, there is no Brady violation.

The Jencks Act provides, "[N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of [subpoena], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). A "statement" under the Jencks Act is a: (1) written statement, made by a witness, signed or adopted by him or her; (2) a stenographic, mechanical, electrical, or other recording or transcript of a witness's oral statement; or (3) a statement by a witness before a grand jury. 18 U.S.C. § 3500(e).

In order for there to be a Jencks Act issue, the non-disclosed statements must be substantially different than those given to the defense. See Greatwalker, 356 F.3d

at 911. A conviction can only be overturned under the Jencks Act if there was bad faith by the government and prejudice to the defendant. United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004).

There was no Jencks Act violation in this case because all written statements were given to the defense. Vieth offers no evidence, just speculation, that any Jencks Act report was not disclosed to the defendant. Therefore, there cannot be a Jencks Act violation.

As a result, the district court did not abuse its discretion by finding that there were no Brady or Jencks Act violations that warranted a new trial.

IV.

Subsequent to the submission of briefs in this case, Vieth submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j). In the Rule 28(j) letter, Vieth cites to Blakely v. Washington, 124 S. Ct. 2531 (2004). He argues that he should be resentenced because he received an enhanced sentence due to a prior drug felony conviction. In this case, the jury found a quantity of methamphetamine in excess of 50 grams. That quantity resulted in a mandatory minimum sentence of five years. However, because the defendant had a prior drug felony conviction, the mandatory minimum sentence was enhanced to ten years. See 21 U.S.C. § 841(b)(1)(B). Vieth was sentenced to the mandatory minimum ten years.

The United States Supreme Court has now decided the case of United States v. Booker, 125 S. Ct. 738 (2005), which found that the Federal Sentencing Guidelines are not mandatory, but only advisory. We have not determined whether plain error applies to sentencings such as this one, conducted prior to the decision in Blakely, and in which any claim as to the constitutionality of the guidelines was not preserved. However, we do not need to wait for our court to reach that issue. Even if we were

to address the merits of the issue raised in the Rule 28(j) letter, the defendant would not be entitled to resentencing. Vieth's sentence was not determined based upon an application of the federal sentencing guidelines, but rather based upon the mandatory minimum sentence set forth in the governing criminal statute, and a quantity in excess of fifty grams as determined by the jury beyond a reasonable doubt. As to the enhancement for a prior conviction, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not a jury. See, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Booker, 125 S. Ct. at 756. Consequently, there is no Blakely/Booker issue in this case, and the sentence is affirmed.

V.

Accordingly, the judgment of the district court is affirmed on all grounds.
_____