[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13622
Non-Argument Calendar

_____

D. C. Docket No. 04-14007-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD KEITH WYATT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ronald Keith Wyatt appeals his 120-month sentence, imposed after he pled guilty to one count of conspiring to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Wyatt argues there was insufficient evidence to support a three-level enhancement imposed pursuant to U.S.S.G. § 2D1.1(b)(5)(B).[1] Wyatt further asserts the enhancement was imposed based on facts found by a preponderance of the evidence, thus violating *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Wyatt's Presentence Investigation Report (PSI) calculated a base offense level of 26, with a three-level specific offense characteristic increase, pursuant to U.S.S.G. § 2D1.1(b)(5)(B), giving an adjusted offense level of 29. The PSI further recommended a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and a one-level reduction for assisting authorities, pursuant to § 3E1.1(b). Thus, Wyatt's total recommended offense level was 26. Based on various prior convictions, the PSI calculated a criminal history category of III, which with an offense level of 26 resulted in an imprisonment range of 78 to 97 months. However, the statutory mandatory minimum for Wyatt's crime is 120 months, pursuant to 21 U.S.C. § 841(a)(1).

---

[1] We refer to the November 2003 edition of the United States Sentencing Guidelines. The text of § 2D1.1(b)(5)(B) has moved to § 2D1.1(b)(6)(B) in the November 2004 version.

Wyatt's ultimate sentence of 120 months was not determined based upon an application of the federal sentencing guidelines, but was based upon the mandatory minimum sentence set forth in 18 U.S.C. § 841(a). Even though the district court held the U.S.S.G. § 2D1.1(b)(5)(B) enhancement applied, the enhancement is moot given the mandatory minimum sentence. Thus, if any error exists in the imposition of the enhancement, that error is harmless. Additionally, Wyatt's *Blakely* argument is without merit, as his ultimate sentence was based on the statutory mandatory minimum sentence, rather than the federal sentencing guidelines. Neither *Blakely* or *United States v. Booker*, 125 S. Ct. 738 (2005), affect Wyatt's sentence. *See United States v. Vieth*, 397 F.3d 615, 620 (8th Cir. 2005). Accordingly, we affirm.

**AFFIRMED**.