# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4078

_____

United States of America,      *

                              *

        Plaintiff - Appellee,    *

                              *   Appeal from the United States

    v.                     *   District Court for the

                              *   Northern District of Iowa.

Thomas Lee Miller,        *

                              *      [UNPUBLISHED]

        Defendant - Appellant.   *

_____

Submitted: December 13, 2004
Filed: July 6, 2005

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Lee Miller was convicted of manufacturing or attempting to manufacture five grams or more of pure methamphetamine within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 860(a). The district court[1] sentenced Miller to 360 months' imprisonment under the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Miller appeals his conviction and sentence. With respect to his conviction, Miller contends the district court abused its discretion when it permitted the

_____

[1] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

government to introduce evidence of his 1990 conviction for possession of marijuana with intent to manufacture. Miller also challenges the district court's application of the career offender enhancement to his sentence pursuant to Blakely v. Washington, 542 U.S. 296 (2004). We affirm both the conviction and sentence.

I

On the morning of May 30, 2001, the Emmet County Sheriff's Office received reports that a half-clothed, disheveled man was screaming and waving a book as he walked down the street. When officers located the man, identified as Miller, he was sweating profusely, his eyes were bloodshot, and he appeared to be hallucinating. Miller was arrested for assaulting an officer and public intoxication. He was taken to a local hospital under restraint where it was determined he was "severely intoxicated by drugs." At the hospital, Miller claimed he had tick eggs on his body and that he had been sleeping for two or three days in anhydrous ammonia. Miller informed the officers there was a methamphetamine lab at his house, but stated someone had dumped the methamphetamine lab inside and outside his house.

Officers then executed a search warrant at Miller's residence and uncovered a methamphetamine lab in a shed near the rear of the residence. Torn up drug notes were discovered in the trash inside the house. The officers seized gloves, a respirator, pseudoephedrine, tubing for taking anhydrous ammonia, and coffee filters, all precursor items used for making methamphetamine. The police laboratory determined the methamphetamine lab had a potential yield of 10 to 12 grams of actual methamphetamine. Miller's residence was located approximately 425 feet from a middle school.

Miller was charged with manufacturing or attempting to manufacture five grams or more of pure methamphetamine within 1,000 feet of a protected location.

The government also filed a notice of intent under 21 U.S.C. § 851 to seek an enhanced penalty for Miller's two prior felony drug convictions.

During pre-trial proceedings, the government filed a motion to admit evidence of Miller's four earlier drug convictions. Miller objected. Initially, the district court excluded the evidence of Miller's convictions for possession of marijuana on March 27, 1998, and April 8, 2002. The district court ruled the government could introduce evidence of only one of Miller's two other convictions: either Miller's January 8, 1990, conviction for possession of marijuana with intent to manufacture, or Miller's February 3, 1992, conviction for delivery of LSD. The court reasoned the probative value of these two convictions individually was not outweighed by the prejudicial effect because the evidence was highly probative of Miller's knowledge and intent. The court found the cumulative nature of introducing evidence of both the 1990 and 1992 crimes would be unduly prejudicial and therefore restricted the government to introduce evidence of only one at trial.

The government then moved to enlarge the district court's ruling because it sought to admit exhibits related to the 2002 conviction. The district court ruled the government could offer evidence of Miller's 1990 conviction and Miller's 2002 conviction for possession of marijuana with accompanying exhibits of methamphetamine manufacturing recipes. Without withdrawing his objections, Miller stipulated to, and the jury was informed of, the following facts at trial: 1) on January 8, 1990, Miller was convicted of possession of marijuana with intent to manufacture; and 2) on April 6, 2002, officers stopped Miller's car for a traffic infraction and discovered methamphetamine manufacturing recipes. Following the entry of the stipulation at trial, the district court instructed the jury as follows:

> Members of the jury, in this case the parties have stipulated that the defendant was convicted of possession of marijuana with intent to manufacture on January 8, 1990, in Emmett County, Criminal Case

Number 4582. You may use this evidence to help you decide whether or not the government has proved the defendant's intent, knowledge or absence of mistake or accident in the commission of the offense charged in this case. Remember, however, that the mere fact the defendant may have been convicted of a similar offense in the past is not evidence that he committed the offense charged in this case. The defendant is on trial for the crime charged in this case and for that crime alone. You may not convict the defendant of the crime charged in this case simply because you believe he may have committed some similar acts, even bad acts in the past.

After a two-day trial, the jury convicted Miller of the charge.

At the sentencing hearing, the district court sentenced Miller as a career offender under U.S.S.G. § 4B1.1. The district court determined Miller's total offense level was 37, criminal history category VI, and the applicable sentencing range was 360 months to life in prison. The court sentenced Miller to 360 months' imprisonment, 16 years of supervised release, and imposed a $100 special assessment.

II

Miller argues his conviction should be reversed because the district court improperly admitted evidence of his conviction in 1990 for possession of marijuana with intent to manufacture. Rule 404(b) of the Federal Rules of Evidence provides "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 404(b) permits the admission of evidence of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "To be admissible under Rule 404(b), the evidence must be '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.'" United States

v. Vieth, 397 F.3d 615, 617-18 (8th Cir. 2005) (quoting United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995)).  Miller argues the 1990 conviction is irrelevant, dissimilar, too remote, and unduly prejudicial.

Even if Miller could establish the district court erred in admitting the 1990 conviction, we hold the error would have been harmless.  This court has held "'[e]ven where we find that the district court has abused its discretion with respect to an evidentiary ruling, we will not reverse the conviction if the error was harmless.'" United States v. Mack, 343 F.3d 929, 935 (8th Cir. 2003) (quoting United States v. Oleson, 310 F.3d 1085, 1091 (8th Cir. 2002)).  "An evidentiary error is harmless 'if, after reviewing the entire record, we determine that the substantial rights of the defendant were unaffected, and that the error did not influence or had only a slight influence on the verdict.'"  United States v. Crenshaw, 359 F.3d 977, 1003-04 (8th Cir. 2004) (quoting United States v. Carroll, 207 F.3d 465, 470 (8th Cir. 2000)).  In the instant case, the jury was presented with more than sufficient evidence to convict Miller of the charged offense, without the evidence of the 1990 conviction.  At trial, the government presented evidence that a methamphetamine lab was uncovered in a shed in the back of Miller's residence.  Officers also located precursor items used to make methamphetamine in Miller's shed and residence.  The police laboratory determined the methamphetamine lab could yield 10 to 12 grams of pure methamphetamine, and it is undisputed Miller's residence was located 425 feet from a middle school.

III

Miller challenges the district court's application of the career offender enhancement to his sentence under the principles announced in Blakely v. Washington.  Because Miller failed in the district court to raise an objection based on Apprendi, Blakely, or the Sixth Amendment, we review the claim for plain error. United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).  To establish

plain error, it is Miller's burden to establish "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 467 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If Miller establishes all three plain error factors, we may exercise our discretion to notice the forfeited error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations and citations omitted).

Miller has established the first two plain error factors. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held the mandatory federal sentencing guidelines system is unconstitutional. The district court in this case erred "by applying the Guidelines as mandatory, and the error is plain." Pirani, 406 F.3d at 550. In order to demonstrate the error affected his substantial rights, Miller "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have a received a more favorable sentence." Id. at 552. Our review of the record leads us to conclude Miller cannot establish the third plain error factor. Because Miller fails to establish the third factor, it is unnecessary to examine whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

IV

The judgment and sentence are affirmed.

_____