# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1237

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Larry Duane Smith, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 15, 2005
Filed: December 8, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larry Smith pleaded guilty to conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Because prior drug convictions subjected Smith to statutory minimum penalties, and the government so notified him, see 21 U.S.C. §§ 841(b)(1)(B), 851(a)(1), the district court[1] sentenced Smith to 10 years in prison and 8 years of supervised release. On appeal, Smith's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967),

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

noting Smith's belief that the government should have filed a downward-departure motion for substantial assistance and he should have received a lesser sentence.

We conclude that the district court did not err in imposing the statutory mandatory minimum sentence, and that Smith has not shown the government improperly refused to file a substantial-assistance motion. See Wade v. United States, 504 U.S. 181, 185-86 (1992) (defendant must show government's refusal to move for departure was not rationally related to any legitimate government purpose); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (district court did not have authority to depart below statutory minimum where government did not file substantial-assistance motion and defendant did not qualify for safety-valve relief). We also conclude that the sentence did not raise issues under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005); United States v. Vieth, 397 F.3d 615, 620 (8th Cir.), cert. denied, 125 S. Ct. 2560 (2005).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____