# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-1416

_____

United States of America,      *

                            *

        Appellee,      *

                            *   Appeal From the United States

    v.                  *   District Court for the

                            *   Eastern District of Missouri.

Ezekiel Simpson,        *

                            *       [UNPUBLISHED]

        Appellant.     *

_____

Submitted: January 9, 2006
Filed: January 17, 2006

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On May 26, 2004, officers in St. Louis, Missouri, received a tip that an individual known as "Zeke" would be selling crack on the corner of Russell and Jefferson. The officers undertook surveillance, and eventually Ezekiel Simpson stepped out of a vehicle adjacent to that corner. As an officer approached, Simpson fled, dropping a bag containing over one hundred grams of crack along the way. He was arrested and charged with possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841. Subsequently, a superseding indictment was filed that included notice that the government intended to rely on Simpson's prior conviction of a felony drug offense. This had the effect of increasing his statutory minimum sentence from ten years to twenty years. See 21 U.S.C §

841(b)(1)(A)(iii). Simpson was found guilty by a jury, and the district court[1] imposed the mandatory minimum twenty-year sentence. This appeal followed.

Simpson contends that before his prior felony drug conviction may be used to increase his sentence, it must be proven to the jury that considered the instant offense. As Simpson recognizes, this is at odds with Supreme Court sentencing jurisprudence. See Almendarez-Torres v. United States, 523 U.S. 224 (1998) (establishing that the fact of a prior conviction need not be proven to a jury for sentencing purposes); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (reaffirming the Almendarez-Torres "fact of prior conviction" exception); Blakely v. Washington, 542 U.S. 296, 301 (2004) (same); United States v. Booker, 125 S. Ct. 738, 756 (2005) (same). Our court has not deviated from this path. See, e.g., United States v. Vieth, 397 F.3d 615, 620 (8th Cir. 2005) ("As to the enhancement for a prior conviction, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not a jury."); see also United States v. Bach, 400 F.3d 622, 634 (8th Cir. 2005) (same); United States v. Reeves, 410 F.3d 1031, 1035 (8th Cir. 2005) (finding no error in the district court's use of a defendant's prior convictions to apply the career offender enhancement even when those prior convictions were not submitted to the jury). We are not at liberty to reconsider the Supreme Court's position on this matter, nor may we overrule the decisions of our circuit. Accordingly, we affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.