# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1447

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Seno J. Carter, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: January 18, 2006
Filed: February 16, 2006

_____

Before MURPHY, McMILLIAN[1], and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Seno Carter appeals the 180-month sentence the district court[2] imposed under advisory Guidelines after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Carter's sentence is too severe. Carter has filed two pro se supplemental briefs and a motion for new

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

counsel, arguing, among other things, that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), and Shepard v. United States, 125 S. Ct. 1254 (2005), and that his sentence is excessive.

We conclude that Carter was properly sentenced to the statutory mandatory minimum based on his prior convictions. See 18 U.S.C. § 924(e)(1) (defendant who violates § 922(g)(1) and has 3 prior convictions for violent felony or serious drug offense is subject to 15-year mandatory minimum sentence). We also conclude that Booker was not implicated by the sentence. See United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (use of prior felony conviction to increase statutory minimum penalties does not implicate Booker); United States v. Vieth, 397 F.3d 615, 620 (8th Cir.) (no Booker issue arises where sentence was based on statutory mandatory minimum rather than on application of Guidelines), cert. denied, 125 S. Ct. 2560 (2005). Carter's argument under Shepard--that his sentence should not have been increased based on prior convictions--was recently rejected in United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005). We further conclude that Carter's sentence is not excessive, overly severe, or cruel and unusual. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime); United States v. Johnson, 22 F.3d 674, 682-83 (6th Cir. 1994) (15-year sentence imposed on defendant on basis of prior convictions was not grossly disproportionate to status offense of being felon in possession of firearm, and was not cruel and unusual punishment under Eighth Amendment).

We reject Carter's other arguments as either waived by his valid guilty plea or more properly raised in collateral proceedings under 28 U.S.C. § 2255. Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, deny Carter's motion for new counsel, and affirm the sentence.

_____