United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-40468

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE VALENCIA FARIAS; ADRIAN VALENCIA FARIAS,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CR-50038-1

_____

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Adrian Farias is correct that there is a misstatement in our opinion, but that misstatement is of no moment. We stated that "the indictment charged, and the jury found Adrian guilty of, § 841(b)(1)(A), not § 841 in general, triggering the ten-year minimum," but more precisely put, the indictment alleged a conspiracy under § 846 to violate § 841(a),[1] listing as an overt

_____

[1] Under § 846, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter [including § 841] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

act involvement with the quantities and types of drugs yielding a ten-year minimum under § 841(b)(1)(A).[2]  It remains that the judge had no discretion to "choose" a mandatory minimum because the jury found Adrian responsible for an amount of drugs yielding the ten-year minimum under § 841(b)(1)(A), the critical fact.  There is no *Booker* problem because the indictment alleged it and the jury, not a judge, found it to be so with a sound instruction upon reasonable doubt.

Adrian argues that a drug quantity and type are not elements of the offense of § 841(a), or conspiracy to commit the offense of § 841(a), under *United States v. Becerra*.[3]  And so, the argument must go, the jury's quantity and type finding here was gratuitous, hence the judge should have found the relevant quantity and amount, and post-*Booker* he had discretion which of two quantities to use (pure methamphetamine or methamphetamine mixture), each yielding a different mandatory minimum.[4]  But this argument turns *Booker* on

_____

[2] There is one exception.  The first line of the quantities and types lists "Amphetamine" without a quantity, and  "Amphetamine" doesn't appear in § 841(b)(1)(A). Adrian might, but doesn't, argue that he lacked notice of the ten-year minimum because of this.  But that argument would fail because the indictment also listed an amount of methamphetamine yielding the ten-year minimum, an amount the jury found. Likewise, the addition of "Amphetamine" does not violate *Booker*'s requirement that facts increasing the sentence be alleged in the indictment because the operative fact here - a certain quantity of methamphetamine - was alleged.

[3] 155 F.3d 740 (5th Cir. 1998).

[4] Again, however, this argument confuses the mandatory minimums and the Guidelines.  Although post-*Booker* judges have discretion to sentence outside of the Guidelines range, nothing in *Booker* suggests that they have discretion to select the statutory mandatory minimum, which appears in the text of the criminal statute itself and not in the Guidelines.  *Booker* was about the Guidelines, not substantive criminal law.

its head by giving a critical fact question to the judge, not the jury. Indeed, multiple courts have upheld mandatory-minimum sentences, including in conspiracy cases, against *Booker* challenges on the basis that juries found the required amount and type under § 841(b).[5] A quantity and amount finding in mandatory minimum cases may have been "gratuitous" before *Booker*, but now it solves the Sixth Amendment problem; to the extent *Becerra* holds otherwise, *Booker* abrogates it.[6]

PETITION DENIED.

---

[5] *See, e.g., United States v. Payton*, 405 F.3d 1168, 1172-73 (10th Cir. 2005) (upholding § 841(b) mandatory minimum against *Booker* challenge because defendant plead guilty to § 846 for conspiring to violate § 841(a) with facts yielding mandatory minimum); *United States v. Vieth*, 397 F.3d 615, 620 (8th Cir. 2005) (same); *see also United States v. Sepulveda-Rodriguez*, 2005 WL 3420112, at *1 (5th Cir. 2005) (unpublished) (upholding application of a § 841(b)(1)(A) minimum against a *Booker* challenge, noting that the defendant provided no authority that *Booker* affected the minimums).

[6] *See United States v. Ching Tang Lo*, 447 F.3d 1212, 1234 & n.15 (9th Cir. 2006) (rejecting argument that *Booker* affects mandatory minimums and construing minimums to require that quantity and type be alleged in indictment).