# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2807

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa |
| Lamont Garrett, also known as G, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: October 16, 2007
Filed: November 7, 2007

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Defendant Lamont Garrett was convicted by a jury on two counts of conspiring to distribute and manufacture crack and powder cocaine. He moved for a mistrial based on the government's failure to comply with a pre-trial production order and based on purported violations of "Garrett's right to due process, the Jencks Act, Brady v. Maryland, Giglio v. United States, Fed. R. Crim. P. 16, and the stipulated discovery order." Appellant's Brief at 5. It is undisputed that the government failed to comply with the stipulated discovery order in that the government disclosed certain prior statements by three government witnesses after the time allowed under the order, but

before those witnesses testified against Garrett. The district court[1] denied Garrett's motion for a mistrial, and Garrett appeals.

We review for abuse of discretion the district court's discovery and evidentiary rulings. United States v. Veith, 397 F.3d 615, 617 (8th Cir. 2005). We also review for abuse of discretion the district court's ruling on the motion for a mistrial. United States v. Urqhart, 469 F.3d 745, 748 (8th Cir. 2006). Notwithstanding Garrett's allegation of the government's numerous violations, Garrett has failed to articulate how any of the late-disclosed material was exculpatory under Brady, how the disclosures failed to satisfy the requirements of the Jencks Act, or how any actions by the government in this case caused prejudice to Garrett's defense. Garrett received all materials related to the three government witnesses before those witnesses testified, and on more than one occasion was granted the opportunity to question those witnesses outside the presence of the jury. Not only has Garrett failed to articulate how the government's actions caused prejudice, our review of the trial transcript convinces us that the district court correctly determined no prejudice occurred in this case. In light of this conclusion, we hold that the district court acted well within its discretion regarding the underlying discovery and evidentiary rulings and properly denied Garrett's motion for a mistrial.

The judgment of the district court is affirmed in accordance with Eighth Circuit Rule of Appellate Procedure 47B.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.