# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2011

No. 10-40925
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL SANTOS GALAN-CASTRO, also known as Rafael Hernandez-Castro, also known as Rafael Hernandez, also known as Rafael Castro, also known as Rafael Santos Galan, also known as Victor Manuel Hernandez, also known as Nathan Hernandez, also known as Rafael Fernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-749-1

Before WIENER, GARZA,  and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rafael Santos Galan-Castro pleaded guilty to illegal reentry.  The district court sentenced him to 57 months of imprisonment, three years of supervised release, and a $100 special assessment.  Expressing concern that Galan-Castro received ineffective assistance of counsel at sentencing, the district court vacated the judgment against Galan-Castro sua sponte, appointed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Federal Public Defender to represent Galan-Castro, and set the case for resentencing. The district court imposed the same sentence on resentencing, which occurred 14 days after the date on which the original sentence was imposed.

On appeal, both parties asserted that the district court lacked jurisdiction or authority to resentence Galan-Castro. Concluding that the district court lacked authority under Rule 35(a) of the Federal Rules of Criminal Procedure to resentence Galan-Castro, we vacated and remanded for reinstatement of the original judgment.

Rather than reinstating the original judgment, however, the district court conducted another sentencing hearing and imposed an amended judgment, once again sentencing Galan-Castro to 57 months of imprisonment. Galan-Castro now contends that the district court exceeded the scope of our mandate and that we should once again vacate and remand for reinstatement of the original judgment. The government contends that the district court's amended judgment satisfies our mandate or, alternatively, that the word "amended" should be deleted from the judgment.

"[A] lower court on remand must implement both the letter and spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998) (internal quotation marks and citation omitted), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 291-92 (5th Cir. 2007). The mandate rule is discretionary, however, not jurisdictional. *United States v. Hamilton*, 440 F.3d 693, 697 (5th Cir. 2006).

Even though the district court imposed an amended judgment rather than reinstating the original judgment, the sentence imposed subsequently was

identical to that in the original judgment, so any error is harmless.  Accordingly, the judgment of the district court is AFFIRMED.