**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

No. 12-40184
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARTURO RAMON-HERRADA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-853-2

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Arturo Ramon-Herrada (Ramon) appeals his 37-month sentence imposed following his guilty plea conviction for conspiracy to export defense articles from the United States into Mexico without obtaining a license or written authorization for such export. He argues that the district court erred in reducing his offense level by two levels for his minor participation in the offense rather than by four or three levels for a minimal or less than minor participation in the offense. Because Ramon raised his argument regarding the four-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment in the district court, this court reviews the issue for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).[1]

Under § 3B1.2, a district court may decrease a defendant's offense level by four levels if the defendant was a minimal participant in the criminal activity, by two levels if the defendant was a minor participant, or by three levels if the level of participation falls between minimal and minor. A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group" and who demonstrates a lack of knowledge or understanding of the scope and structure of the enterprise. § 3B1.2, comment. (n.4). A "minor participant" is any participant who is less culpable than most other participants, but whose role could not be described as minimal. § 3B1.2, comment. (n.5).

The record reflects that Ramon participated in the acquisition and transfer of the ammunition; knew that the ammunition would eventually be exported to Mexico; recruited a friend to help him store ammunition; and transferred ammunition to the second unindicted co-conspirator on at least three prior occasions. Ramon has not shown that he lacked knowledge or understanding of the scope and structure of the enterprise; thus, he did not qualify as a minimal participant. *See* § 3B1.2, comment. (n.4); *United States v. Becerra*, 155 F.3d 740, 757 (5th Cir. 1998), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 291-92 (5th Cir. 2007) (holding that the district court did not err in determining that defendant was a minor, rather than minimal, participant where evidence showed that defendant knew that he was involved

---

[1]  In his objections to the pre-sentence report, Ramon stated: "counsel suggests that this defendant merits a mitigating role adjustment . . . Defendant would ask for a four (4) level decrease from the guidelines." Ramon never expressly argued that a three-level decrease was appropriate. The Government argues that plain error review therefore applies to the analysis of the three-level adjustment argument. *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008). We need not decide whether the objection that Ramon "merits a mitigating role adjustment" is sufficient to preserve his argument for a three-level decrease or whether review is limited to plain error review because we conclude Ramon's challenge fails under either test.

with several other people in an attempt to transport a load of marijuana and that his role in the operation was to assist in unloading the marijuana at its final destination). Accordingly, the district court did not clearly err in denying the four-level minimal role adjustment.

With regard to a three-level adjustment, Ramon's actions provided a valuable service to the criminal activity and, given his knowledge of the scope of the offense, were not less involved than a "minor role," which itself is "less involved" than someone who receives no downward adjustment. *Cf. Villanueva*, 408 F.3d at 203 n.9 (holding that a "mule" does not automatically qualify for a minor participant adjustment and that a minor participant must be peripheral to advancement of illicit activity). We conclude that Ramon has not shown that the district court erred.

The judgment of the district court is therefore AFFIRMED.