# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60546

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2018

Lyle W. Cayce
Clerk

RICHARD L. BOETA,

      Petitioner

v.

FEDERAL AVIATION ADMINISTRATION,

      Respondent

Appeal from the Decision of the
National Transportation Safety Board
NTSB No. EA-5800
NTSB No. EA-5815

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Richard Boeta appeals the National Transportation Safety Board's ("NTSB") order issued on remand ("Remand Order") from this court and its dismissal of his motion for reconsideration of that order. Boeta argues that the Remand Order fails to comply with this court's mandate directing it to expunge the Federal Aviation Administration's ("FAA") suspension of his air transport

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pilot certificate. *See Boeta v. Fed. Aviation Admin.*, 831 F.3d 636, 647–48 (5th Cir. 2016). For the following reasons, we grant Boeta's petition for review of the Remand Order, vacate the Remand Order, and remand to the NTSB to expunge the suspension. We deny as moot Boeta's petition for review of the NTSB's order dismissing his motion for reconsideration.

## I. Factual and Procedural Background

Our prior opinion in *Boeta* sets out in detail the facts underlying this appeal, so we only briefly summarize them here. *See id.* at 638–41. The FAA suspended Boeta's air transport pilot certificate, citing the violation of aviation regulations. Boeta appealed and the NTSB affirmed an Administrative Law Judge's decision to uphold the suspension. Boeta then appealed to this court, arguing, inter alia, that he was entitled to a "waiver of sanction" under the FAA's Aviation Safety Report ("ASR") procedures.

Under the ASR procedures, if a pilot voluntarily submits an ASR about a regulatory violation, "neither a civil penalty nor certificate suspension will be imposed" if the violation was inadvertent and other criteria are met. *See* Aviation Safety Reporting Program, FAA Advisory Circular No. 00-46E (2011). The only issue on appeal to this court was whether Boeta's violation was inadvertent. *Boeta*, 881 F.3d at 642. We concluded that Boeta's violation was inadvertent and that he was therefore "entitled to waiver of all sanctions," including the suspension of his pilot certificate. *Id.* at 647. We remanded to the NTSB "with instructions to expunge its suspension of Boeta's said certificate." *Id.* at 647–48.

The NTSB subsequently issued its Remand Order, ordering: (1) reversal of the Administrative Law Judge's decision that Boeta was ineligible for a waiver of sanction; and (2) waiver of the suspension of Boeta's certificate. Boeta filed a motion for reconsideration, asking the NTSB to modify the Remand Order so that it expressly ordered the suspension expunged from his

No. 17-60546

pilot certificate, in accordance with our mandate.  The NTSB dismissed Boeta's motion for reconsideration as procedurally barred for failure to timely serve the FAA.  The NTSB also concluded that, even if Boeta had timely served the FAA, it would reject his motion on the merits.  Boeta filed a petition for review in this court, appealing the Remand Order and denial of his motion for reconsideration.

## II.  Jurisdiction

We have jurisdiction to hear appeals from "final" orders of the NTSB.  49 U.S.C. § 1153(a); 49 C.F.R. § 821.64.  A party aggrieved by such orders may file a petition for review in this court within sixty days after the order is issued.  *Id.*  A party's timely filing of a motion for reconsideration, however, "renders the underlying order nonfinal for purposes of judicial review," thereby tolling the time to appeal.  *Stone v. INS*, 514 U.S. 386, 392 (1995).

The FAA argues that Boeta's motion for reconsideration did not toll the time for seeking judicial review of the Remand Order because the motion was untimely.  Specifically, the FAA argues that because Boeta failed to timely serve the motion on the FAA, his motion was untimely filed.  Assuming arguendo that *Chevron*[1] deference applies to this question, we conclude that Boeta timely filed his motion for reconsideration for purposes of tolling.

The NTSB issued the Remand Order on December 19, 2016, and Boeta filed his motion for reconsideration on January 17, 2017, which is within the thirty days required by NTSB's rules.  49 C.F.R. § 821.50(b).  On June 2, 2017, the NTSB dismissed Boeta's motion for reconsideration for failure to comply with § 821.50(b)'s service requirements.  Boeta asserts that he did serve the FAA's counsel, via first-class mail (*see* 49 C.F.R. 821.8(b)), on January 17, 2017

---

[1] *See Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837 (1984); *see also* 5 U.S.C. § 706.

3

and stated on the certificate of service that "all counsel of record" were served. The NTSB, however, refused to "presume service." The NTSB, however, did not make factual findings as to Boeta's counsel's truthfulness in stating that he did serve the FAA's counsel.

Even assuming arguendo that Boeta untimely served the FAA, it does not follow that he untimely *filed* his motion for reconsideration. Indeed, the NTSB order itself states, "[Boeta's] petition [for reconsideration] was filed timely." Additionally, the NTSB rules state that "[t]he *filing* of a petition [for reconsideration] shall operate to stay the effective date of the [NTSB's] order, unless the [NTSB] directs otherwise."[2] 49 C.F.R. § 821.50(f) (emphasis added).

Boeta sought review of the Remand Order in this court on July 31, 2017, which is within sixty days of the NTSB's dismissal of his motion for reconsideration. Because the Remand Order was not final for purposes of judicial review until the NTSB dismissed Boeta's motion for reconsideration, Boeta's petition for judicial review was "within the time prescribed by law." *See* FED. R. APP. P. 15(a); *see also* 49 U.S.C. § 1153(a); *cf. Collins v. Nat'l Transp. Safety Bd.*, 351 F.3d 1246, 1250–51 (D.C. Cir. 2003) (concluding that a petition for review filed forty-four days after the NTSB dismissed a motion for reconsideration was timely assuming the motion suspended the time limit for seeking review). This conclusion is consistent with both the NTSB rules and the tolling rule, as in Boeta's case "there [was] always a possibility that the order complained of w[ould] be modified in a way which renders judicial review unnecessary." *Stone*, 514 U.S. at 392 (quoting *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227 (D.C. Cir. 1960)). We conclude, therefore, that we have appellate jurisdiction.

---

[2] Nothing in the record indicates that the NTSB specifically directed that Boeta's filing of his motion for reconsideration would not stay the Remand Order's effective date.

No. 17-60546

## III. Discussion

It is hornbook law that, on remand, a lower court must adhere to "both the letter and the spirit" of an appellate court's mandate, "and may not disregard the 'explicit directives' of that court." *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006) (quoting *United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002)). "The mandate rule simply embodies the proposition that 'a [lower] court is not free to deviate from the appellate court's mandate.'" *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998) (quoting *Barber Int'l Bhd. Of Boilermakers*, 841 F.2d 1067, 1070 (11th Cir. 1988)), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 291–92 (5th Cir. 2007).

Boeta argues that the NTSB failed to comply with this court's mandate directing it to expunge the FAA's suspension of his air transport pilot certificate. We agree. Our mandate remanded the case to the NTSB for completion in accordance with this court's opinion. Despite the FAA's argument to the contrary, we could not have been more clear in our "explicit directive[]" that the NTSB "expunge its suspension of Boeta's . . . certificate and to take any other steps that might be required to complete these proceedings." *Boeta*, 831 F.3d at 647–48.

The FAA does not deny that the Remand Order fails to expunge Boeta's suspension. It instead argues that expungement goes beyond the relief that Boeta initially sought and is not possible under the ASR procedures and statutory recordkeeping rules.[3] The proper procedure, however, for raising

---

[3] Certain limited exceptions to the mandate rule apply, two involving events occurring after the mandate (not applicable here) and one involving "manifest injustice." *See Becerra*, 155 F.3d at 753, 755. The FAA fails to support its claim of "manifest injustice" and, in any event, the FAA had the means, incentive, and opportunity to present its concerns with our instructions to "expunge" Boeta's suspension by way of a petition for panel or en banc rehearing or by seeking review from the United States Supreme Court. *Cf. id.*; *United States*

5

No. 17-60546

claimed errors of fact or law in an opinion of this court is to petition for a panel rehearing. *See* FED. R. APP. P. 40; 5TH CIR. R. 40.2.

Accordingly, we VACATE the Remand Order and REMAND to the NTSB to expunge the suspension of Boeta's certificate consistent with this opinion and to fully comply with our prior opinion. We DENY as moot Boeta's petition for review of the NTSB's order denying his motion for reconsideration.

---

*v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (stating that the mandate rule "bars litigation of issues . . . foregone on appeal or otherwise waived").