# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2478

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Corey R. Thomas, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 11, 2005
Filed:  February 23, 2005

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

A jury convicted Corey R. Thomas of possessing with the intent to distribute more than 50 grams of cocaine base, and he received a mandatory life sentence because he had two prior convictions for distributing crack. Thomas appeals, arguing that the district court[1] abused its discretion by admitting evidence of his prior crimes and from a search of his home and that his mandatory minimum life sentence violated the Sixth Amendment.  We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

On March 27, 2003, two St. Louis police officers were patrolling in a marked police vehicle when they saw Thomas leaning into the front window of a car in the 4100 block of McRee Avenue. As the officers approached, the car sped off, and Thomas started walking towards the officers. They detained him, ran a check which showed there was an outstanding warrant for a probation violation, and arrested him. The officers then performed a patdown for weapons and found a clear plastic bag containing a large ball of crack in Thomas' waistband and $550 in his jacket pocket.

The crack was taken to a St. Louis laboratory for analysis, and it was determined that the plastic bag contained 57.80 grams of crack. On April 3, 2003 a federal indictment charged Thomas with possessing with the intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The lab in St. Louis was not informed that a federal prosecution was pending, and the crack was destroyed on October 9, 2003, after a state court judge signed an order authorizing the destruction.

Before trial Thomas moved to exclude evidence of his two prior convictions involving the distribution of crack and evidence obtained from a search of his residence. The district court denied the motion and instructed the jury that it could not use the other crimes evidence to decide whether Thomas carried out the acts involved in the offense charged in the indictment, that it could not convict him simply because he may have committed similar acts in the past, and that it could consider the evidence only on the issue of intent.

DEA Special Agent Michael Davis testified about a search warrant that was executed at Thomas' residence at 4239 McRee Avenue in September 2001. During the search officers found two scales of the type used for measuring controlled substances, three bags of crack totaling 6.07 grams, marijuana, and $7,440 in cash. Thomas was arrested and admitted that the crack and marijuana found in the residence were his.

Former St. Louis police officer Kevin Clinton testified that on February 3, 1994, he and his partner saw Thomas and another man sitting in a parked vehicle in the 4200 block of McRee. A female pedestrian walked up to the driver side where Thomas was sitting. Thomas then got out of the vehicle, took money from the woman, handed the money to the passenger in the car, and took a plastic bag containing a whitish substance from his jacket and handed it to the woman. After the officers approached the vehicle and identified themselves, the woman put something in her mouth and ran away. The officers arrested Thomas and recovered two plastic bags containing 1.98 and 0.19 grams of crack, one from his jacket pocket and one from the ground where Thomas had dropped it. They also recovered $50 in cash from the male passenger.

St. Louis police officer Dan Dell testified that on August 5, 1998 he was part of an undercover team that bought 0.25 grams of crack for $20 from Thomas in the area of the 4000 block of McRee.

Thomas pled guilty to narcotics trafficking in the second degree in 1994 and to the sale of a controlled substance in 1999, and certified copies of these convictions were entered into evidence. The government also presented the testimony of an expert witness who testified that 57.80 grams of crack was consistent with drug distribution rather than personal use.

Prior to the jury's deliberation, the district court again gave the instruction that the prior acts evidence could not be used to decide whether Thomas carried out the acts involved in the crime and that the jury could consider the evidence only on the issue of intent. The court also instructed the jury on the four essential elements of the offense: (1) the defendant possessed cocaine base; (2) the defendant knew he possessed a controlled substance; (3) the defendant intended to distribute the controlled substance; and (4) the amount defendant possessed with intent to distribute was over 50 grams of cocaine base.

Soon after starting deliberations the jury sent a note asking the court to clarify the use of Thomas' prior convictions. It stated, "Please clarify our use of prior convictions as they relate to elements three and four on Instruction Sheet 14. Instruction Sheet 5 says we may use evidence of prior acts to decide issues of intent. Do we need to decide all four elements before considering prior acts, or may we use prior acts to decide these elements?" In response, the court referred the jury to the instruction relating to similar acts and repeated a portion of that instruction which read, "In order to consider similar acts, you must first unanimously find beyond a reasonable doubt based on the rest of the evidence introduced that the Defendant carried out the acts involved in the crime charged in the indictment."

The jury convicted Thomas of possessing with the intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The government filed an information listing his two prior felony drug convictions and requesting that he be sentenced to life in prison, the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) based on his prior convictions. The district court sentenced Thomas to life in prison.

Thomas appeals his conviction and sentence. He claims that the district court abused its discretion by admitting evidence under Rule 404(b) relating to his two prior convictions for distributing crack and the evidence from an earlier search of his residence. He also argues that his sentence violated the Sixth Amendment because his two prior convictions were not pled in the indictment or submitted to the jury.

The district court has broad discretion in admitting other crimes evidence. United States v. Mays, 822 F.2d 793, 797 (8th Cir. 1987). We review its Rule 404(b) decision for abuse of discretion and "reverse only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Howard, 235 F.3d 366, 372 (8th Cir. 2000) (quoting United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998)). Under Rule

-4-

404(b), evidence of a prior crime, though inadmissible to show that a person acted in conformity with the prior act, may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  Such evidence is admissible if it is (1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value. United States v. Carroll, 207 F.3d 465, 469 n.2 (8th Cir. 2000); United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002).

Thomas argues that the district court erred in admitting the prior acts evidence because it was used by the jury as propensity evidence, and he contends that the jury's note to the court shows that it was confused about the proper use of the evidence.  He claims that his prior convictions for distributing crack were very different from the crime charged here because they involved small amounts of crack, less than three grams combined, and that they were too remote in time to be relevant.  He also claims that the prior acts evidence was not necessary to prove intent because the government's expert witness testified that the amount he was charged with is consistent with distribution rather than personal use.  He argues that even if the evidence were relevant, its prejudicial impact outweighed its probative value.

The government argues that the Rule 404(b) evidence was properly admitted because it was relevant on the issue of Thomas' intent as well as to show a common scheme or plan.  It contends that the evidence was highly probative on the issue of intent and that the prejudicial impact was lessened by the instruction the district court gave to the jury on three occasions.  It also argues that the prior acts evidence was close in time and similar in kind to the crime charged in the indictment.

The prior acts evidence was relevant on the issue of whether Thomas had the intent to distribute the crack found in his waistband.  His two prior convictions were based on sales of crack in the same neighborhood, and the evidence obtained from the

search, including crack, scales, and a large amount of cash, suggested that Thomas was involved in dealing crack. Although the prior acts involved small amounts of crack compared to the 57.80 grams of crack Thomas had in his waistband on March 27, 2003, "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." United States v. Franklin, 250 F.3d 653, 658 (8th Cir. 2001) (quoting United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000)); United States v. Oates, 173 F.3d 651, 659-60 (8th Cir. 1999) (rejecting argument that prior conviction for possessing 4.4 grams of crack was irrelevant to distribution offense involving 53.1 grams of crack).

The prior acts were similar in kind to the offense charged in this case. All of the prior acts took place in the same neighborhood, within two blocks of his residence on McRee Avenue, and involved crack. See United States v. Green, 151 F.3d 1111, 1114 (8th Cir. 1998) (admitting Rule 404(b) evidence of prior arrest involving same narcotic). Moreover, when prior acts are admitted for the purpose of showing intent, they "need not be duplicates" but only "sufficiently similar to support an inference of criminal intent." Franklin, 250 F.3d at 659-60 (quoting United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995)). Thomas' convictions for distributing crack and the evidence found in the search of his residence were similar enough to the charged offense to support an inference of Thomas' intent to distribute crack.

The prior acts took place in 1994, 1998, and 2001, and the charged offense took place in 2003. There is no absolute rule for the number of years that can separate evidence of offenses admitted under Rule 404(b). Instead we examine the facts and circumstances of each case and apply a reasonableness standard. United States v. Burk, 912 F.2d 225, 228 (8th Cir. 1990). Here, evidence from the September 2001 search of Thomas' residence was found less than two years before Thomas was arrested in March 2003. See Franklin, 250 F.3d at 659 (evidence of prior crime more likely to be admissible the closer in time to the crime charged). Thomas

was arrested for his prior convictions some four and a half and nine years before his arrest in this case. We have previously approved the admission of other crimes evidence for acts committed up to 13 years before the crime charged, United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001), and the time lapse here was not unreasonable given the similarities between Thomas' prior convictions and the current offense.

The district court must balance the probative value of the prior acts evidence against its prejudicial effect, and its decision in this case is entitled to deference. United States v. Mays, 822 F.2d 793, 797 (8th Cir. 1987). Moreover, the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of the evidence. Id. Here the district court gave a limiting instruction to the jury that the evidence could be used only on the issue of intent, not to show that Thomas would be more likely to have committed this offense if he had committed similar acts in the past. When the jury asked a question about the use of the evidence, the court told it that before using the evidence it had to first find that Thomas committed the acts alleged in the indictment beyond a reasonable doubt and referred it to the instruction regarding prior acts. We conclude that the district court did not abuse its discretion in admitting the evidence of his prior dealing in crack and from the search of his residence in 2001.

Thomas also argues that his mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) violated the Sixth Amendment because his prior convictions were not pled in the indictment or submitted to the jury. He contends that the prior conviction exception in Apprendi v. New Jersey, 530 U.S. 466 (2000), did not survive Blakely v. Washington, 124 S. Ct. 2531 (2004).

The Supreme Court has consistently held that a prior felony conviction is a sentencing factor and not a separate offense and it therefore does not need to be pled in the indictment or put to a jury. Almendarez-Torres v. United States, 523 U.S. 224

(1998). That rule was maintained in <u>Apprendi</u>, 530 U.S. at 490, where the Court excluded the fact of a prior conviction from those issues which must be tried to a jury or admitted by a defendant. <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), specifically reaffirmed that holding: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." We conclude that the mandatory life sentence imposed by the district court was not unconstitutional.

The district court did not abuse its discretion in admitting the prior acts evidence under Rule 404(b), and the sentence imposed by the district court did not violate the Sixth Amendment. We accordingly affirm the judgment.

_____