# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3378

———————

United States of America,        *
                                    *

        Appellee,          *

                                       *

      v.                     *   Appeal from the United States
                                    *   District Court for the

Willie L. Pittman,          *   Western District of Missouri.

                                    *

        Appellant.        *       [UNPUBLISHED]

———————

Submitted: October 4, 2005
Filed: October 10, 2005

———————

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Willie Pittman pleaded guilty to possessing five or more grams of a mixture containing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Prior to the entry of Mr. Pittman's guilty plea, the government filed an information under 21 U.S.C. § 851 notifying the district court[1] that Mr. Pittman was subject to increased penalties. The district court thereafter imposed the mandatory minimum sentence dictated by the admitted-to drug quantity and Mr. Pittman's prior felony drug-trafficking conviction – 120 months'

---

[1] The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

imprisonment and 8 years' supervised release. On appeal, Mr. Pittman's counsel, filing a brief under Anders v. California, 386 U.S. 738 (1967), has moved to withdraw. For reversal, he raises one issue: that the government should not have been permitted to file its section 851 information.

Counsel's argument fails: the government properly filed its information, and the prior conviction increased the sentence under section 841(b)(1)(B) to a minimum of 10 years. We also find no error under Blakely v. Washington, 124 S. Ct. 2531 (2004), or United States v. Booker, 125 S. Ct. 738 (2005), as Mr. Pittman's sentence was mandated by statute. See United States v. Alvarado-Rivera, 412 F.3d 942, 946 n.3 (8th Cir. 2005) (defendant's Sixth Amendment rights not violated where defendant admitted responsibility for drug quantity); United States v. Bolanos, 409 F.3d 1045, 1049 (8th Cir. 2005) (no Blakely error where sentence was based on statutory mandatory minimum rather than use of Guidelines); United States v. Thomas, 398 F.3d 1058, 1064 (8th Cir. 2005) (prior felony conviction used to increase statutory minimum penalties does not implicate Blakely).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no other nonfrivolous issues. Accordingly, we affirm the sentence and grant counsel's motion to withdraw.

_____