# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2436

_____

United States of America,     *
                                   *

            Appellee,     *

                                   *     Appeal from the United States

      v.                                *     District Court for the

                                   *     District of Nebraska.

Christopher L. Grant, also known as     *

Lil Nut, also known as Little Nuts,     *         [UNPUBLISHED]

                                   *

           Appellant.     *

_____

Submitted: December 14, 2005
Filed: January 31, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury trial, Christopher L. Grant was convicted of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and was sentenced to 170 months' imprisonment. Grant appeals, and we affirm.

The government at trial presented the testimony of ten witnesses, eight of whom testified that he or she either had participated in or witnessed a cocaine base transaction involving Grant. Many of the witnesses also testified to their own criminal histories, and six indicated some hope that their testimony against Grant might result

in leniency in their own cases. Six witnesses also admitted to prior convictions for giving false information to the police.

After considering this evidence, including the impeachment material, the district court[1] denied Grant's motion for judgment of acquittal and the jury returned a guilty verdict. The jury was further asked to determine, unanimously and beyond a reasonable doubt, the quantity of drugs attributable to Grant. On this question, the jury found that Grant had conspired to distribute "[a]t least 5 grams, but less than 50 grams" of a substance containing detectable amounts of cocaine. Based on this finding, the United States Probation Office recommended a base offense level of 30 in its presentence report ("PSR"). *See* USSG § 2D1.1(a)(3), (c)(5). The PSR further recommended a two-level adjustment for obstruction of justice, resulting in a total offense level of 32. With his criminal history category of V, Grant was subject to an advisory guidelines range of 188-235 months.

At sentencing, the district court[2] rejected the PSR's recommended adjustment for obstruction of justice, finding that the government had not met its burden of proof. The court also considered but rejected the government's argument that the jury's drug quantity finding was not binding on the district court, given the lower standard of proof applicable to calculations under the advisory guidelines. *Cf. United States v. Vaughn*, 410 F.3d 1002, 1004 (8th Cir. 2005), *cert. denied*, 2006 WL 37911 (Jan. 9, 2006). The court did find that Grant's drug quantity fell at the high end of the range determined by the jury, and held him responsible for more than 35 but less than 50 grams of cocaine base. Based on these findings, Grant's advisory guideline range was 151-188 months, and the statutory range was ten years to life imprisonment. The

---

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

court determined that a sentence at the middle of the advisory range was appropriate and reasonable, and imposed a sentence of 170 months.

Grant argues that the evidence was insufficient to support his conviction. We view the evidence in the light most favorable to the government and will overturn a verdict only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. McKay*, 431 F.3d 1085, 1094 (8th Cir. 2005). "Attacks on the sufficiency of the evidence that call on this court to scrutinize the credibility of witnesses are generally not an appropriate grounds for reversal," for "[i]t is the task of the jury to evaluate the credibility of witnesses." *Id.* (internal quotations omitted).

To prove Grant's participation in a conspiracy, the government was required to demonstrate that there was an agreement to achieve an illegal purpose, and that Grant knew of the agreement and intentionally associated with it. *Id.* There need not be an express agreement, and circumstantial evidence may suffice to prove the necessary tacit understanding. *United States v. Adams*, 401 F.3d 886, 893-94 (8th Cir.), *cert. denied*, 126 S. Ct. 492 (2005).

Grant argues that the government failed to prove that he was aware of or involved in any drug conspiracy. But the government adduced over a half-dozen witnesses who testified that they observed Grant buying and selling crack cocaine at various houses in the area, often in quantities indicative of an intent to redistribute. If believed, this testimony was sufficient to show that Grant was a knowing participant in an agreement to distribute cocaine base. *See United States v. Oleson*, 310 F.3d 1085, 1089 (8th Cir. 2002). The determination whether to believe those witnesses was within the province of the jury.

Grant also argues that the district court erred in calculating the advisory guideline range by finding him responsible for a greater quantity of drugs than was

supported by the evidence. This argument is without merit. The drug quantity, like the conspiracy in general, was amply supported by the testimony of multiple witnesses if believed, and there is no clear error in the district court's reliance on that testimony. *See United States v. Johnston*, 353 F.3d 617, 625 (8th Cir. 2003) (per curiam).

Finally, Grant asserts that the sentencing resulted in a violation of his Sixth Amendment rights because the district court made factual determinations "better left for the jury." (Appellant's Br. at 13). Grant was sentenced under the advisory guidelines scheme announced in *United States v. Booker,* 125 S. Ct. 738, 757 (2005), and judicial fact-finding does not violate the Sixth Amendment when done in the context of an advisory guidelines scheme. *United States v. Winters*, 416 F.3d 856, 858 (8th Cir. 2005).

For these reasons, the judgment of the district court is affirmed.

_____