# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2526

_____

United States of America,          *
                                   *
            Appellant,             *     Appeal from the United States
                                   *     District Court for the Eastern
    v.                             *     District of Missouri.
                                   *
Mark A. Burgess,                   *          [UNPUBLISHED]
                                   *
            Appellee.              *

_____

Submitted: February 14, 2006
    Filed:   February 21, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

The Government charged Mark A. Burgess with three counts of possessing pseudoephedrine knowing it would be used to manufacture methamphetamine. At trial, the parties stipulated that the weight of the pseudoephedrine seized was 21.6 grams for Count I and 38.88 grams for Count III, for a total of 60.48 grams. With respect to Count II, a Government law-enforcement witness testified to seizing nine boxes of pseudoephedrine from Burgess's pants and a bag of 238 loose pills from Burgess's car. The seized pseudoephedrine was admitted under Federal Rule of Evidence 902(7) (extrinsic evidence of authenticity not required when labels indicating origin are affixed in the course of business). The labels on the boxes of pseudoephedrine indicated they contained 17.28 grams, and a visual comparison of

the sealed pseudoephedrine to the 238 identically marked pills indicated they weighed 28.56 grams, for a total of 45.84 grams.  The jury convicted Burgess on the three counts, but made no finding of drug quantity.   The district court sentenced Burgess based on 106.32 grams of pseudoephedrine, the total from all three counts, and we remanded for resentencing in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). On remand, the district court determined its earlier drug-quantity finding was wrong because the amount in Count II was not proven beyond a reasonable doubt.  Finding Burgess was responsible for no more than the stipulated 60.48 grams in Counts I and III, the district court determined the applicable advisory guidelines range was 130 to 162 months.  The district court then departed downward from the advisory range to a sentence of eighty months because of Burgess's youth, intelligence, and status as a parent.

The Government argues the district court committed clear error in finding drug quantity and in requiring proof of quantity beyond a reasonable doubt.   We agree. The Government had the burden to prove drug quantity by a preponderance of the evidence, not beyond a reasonable doubt.  <u>United States v. Vaughn</u>, 410 F.3d 1002, 1004 (8th Cir. 2005); <u>United States v. Ziesman</u>, 409 F.3d 941, 955 (8th Cir. 2005). Given the district court's clear error in calculating drug quantity, we reverse and remand for resentencing.  <u>See</u> <u>United States v. Sanders</u>, 341 F.3d 809, 820-21 (8th Cir. 2003).   Because drug quantity was clearly erroneous and rendered the advisory guidelines range incorrect, we do not reach the Government's argument that Burgess's sentence is unreasonable.  <u>See</u> <u>United States v. Mashek</u>, 406 F.3d 1012, 1019-20 (8th Cir. 2005).

We thus reverse and remand for sentencing.

_____