# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1028

_____

United States of America,      *
        *
       Appellee,      *
        *     Appeal from the United States
    v.      *     District Court for the
        *     Eastern District of Missouri.
Howard Smith, Jr.,      *
        *     [UNPUBLISHED]
       Appellant.      *

_____

Submitted: March 22, 2006
Filed: March 27, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Howard Smith, Jr., pleaded guilty to two counts of possessing 5 or more grams of a mixture containing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Because an uncontested prior felony drug conviction subjected Smith to statutory minimum penalties, *see* 21 U.S.C. § 841(b)(1)(B), the district court[1] sentenced Smith to 10 years in prison on both counts--to run concurrently with each other and another federal prison term--and 8 years supervised release.

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

On appeal, Smith's counsel moves to withdraw and files a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Smith's sentence is unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), because there was no jury finding as to his prior drug conviction. In a supplemental brief, Smith argues that his sentence is unconstitutional under *Blakely* because it was increased to the statutory minimum based on drug quantities in excess of what he admitted. We conclude these arguments lack merit. Smith's sentence was based on an uncontested prior felony drug conviction and drug quantities he admitted. *See* 21 U.S.C. § 841(b)(1)(B) (imposing 10-year mandatory minimum for 5 grams or more of cocaine, if instant offense was committed after prior conviction for felony drug offense has become final); *United States v. Alvarado-Rivera*, 412 F.3d 942, 946 n.3 (8th Cir. 2005) (en banc) (defendant's Sixth Amendment rights are not violated if defendant admitted responsibility for drug quantity), *cert. denied*, 126 S. Ct. 1096 (2006); *United States v. Thomas*, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (use of prior felony conviction to increase statutory minimum penalties does not implicate *Blakely* or *United States v. Booker*, 543 U.S. 220 (2005)).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____