# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3384

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Eddie Taylor, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 17, 2006
Filed: April 24, 2006

_____

Before ARNOLD, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In attempting to serve an arrest warrant for Eddie Taylor, Jr., police entered his home and seized equipment and chemicals used to manufacture methamphetamine, as well as fifteen rounds of 7.62 mm ammunition. A short time later, police arrested Taylor in his van, where they found more chemicals and equipment as well as 1449 pseudoephedrine tablets. The Government charged Taylor with possessing pseudoephedrine with intent to manufacture methamphetamine, attempting to manufacture methamphetamine, and being a felon in possession of ammunition. A

jury convicted Taylor on all counts, and the district court[*] sentenced him to 240 months in prison.

On appeal, Taylor first asserts the evidence was insufficient to show he possessed the ammunition. See United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999) (elements of 18 U.S.C. § 922(g)(1) offense). Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could have found Taylor guilty beyond a reasonable doubt. See id. The ammunition was found in a basket in a bedroom of the home Taylor shared with his girlfriend. The Government presented ample evidence that Taylor lived at the residence, including a utility bill in his name and the testimony of three witnesses. Proof that Taylor lived at the home is sufficient to support a finding of constructive possession, which supports a conviction for violating § 922(g). Id.

Taylor also argues the drug counts should have been severed from the § 922(g) count. The counts were properly joined under Federal Rule of Criminal Procedure 8 because Taylor's possession of the ammunition was temporally or logically connected to the methamphetamine-related offenses. See id. at 981-82. The offenses occurred at the same time, were discovered by the same officers in the same city, adjudication of the cases involved many of the same witnesses, and the evidence of each offense would have been admissible in a separate prosecution for the other offense, had they been prosecuted separately. Thus, even if the joinder was improper, there was no prejudice to Taylor. See id. at 983. Further, the district court did not abuse its discretion in declining to sever the offenses under Rule 14 because Taylor has not shown he was deprived of an appreciable chance for acquittal in a severed trial. See id. at 982.

---

[*]The Honorable Charles Shaw, United States District Judge for the Eastern District of Missouri.

Taylor next contends there was a variance between the indictment, which charged possession of ammunition, and the proof, which showed possession of the firearm that used the ammunition. Both the indictment and the jury instruction referred only to Taylor's possession of specific ammunition on a specific date, not to a firearm. To prove the possession of ammunition charge, the Government presented evidence showing Taylor lived in the residence where the ammunition was found and had possessed the gun that used that particular ammunition. The gun evidence was simply additional proof that he knowingly possessed the ammunition. There was no variance between the indictment and the proof. See United States v. Johnston, 353 F.3d 617, 623 (8th Cir. 2003) (defining a variance as a change in the evidence without a change in the charge). Likewise, there was no constructive amendment of the indictment because the essential elements of the offense were not altered, either actually or in effect. Id. Admission of the evidence about Taylor's gun possession did not create a substantial likelihood that he was convicted of an uncharged offense. Id.

Last, Taylor asserts the district court committed error in admitting evidence of his methamphetamine use under Federal Rule of Evidence 404(b). We review admission of the evidence for abuse of discretion. United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The district court has broad discretion to admit the evidence, and we reverse only when the "'evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" Id. (quoting United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005)). Rule 404(b) states that evidence of a defendant's earlier crimes or acts is not admissible to show the defendant acted in conformity with the earlier acts, but is admissible for other purposes, such as to prove intent or knowledge. Evidence of earlier bad acts is admissible when it is relevant to a material issue, similar in kind and close in time to the charged crime, and proven by a preponderance of the evidence, as long as the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Id.

The district court did not abuse its broad discretion in admitting the evidence under Rule 404(b).  Taylor's offense required the Government to prove knowledge and intent.  The Government simply presented evidence showing that within the month before Taylor's arrest, he used methamphetamine and possessed and distributed methamphetamine from his residence where the seized pseudoephedrine boxes and ammunition were located.  The evidence was admissible to show Taylor's intent and knowledge.  Further,  the district court gave a limiting instruction to guard against potential unfair prejudice.   See id. at 746.

We thus affirm Taylor's convictions.

_____