# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4248

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the District |
| | * of North Dakota. |
| Alvin Peterson, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

_____

Submitted: April 19, 2006
Filed: May 5, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Alvin Peterson appeals his misdemeanor conviction for the draining of wetlands covered by an easement in favor of the United States. 16 U.S.C. §§ 668dd(c) and (f)(2) (damaging government property). We affirm the judgment of the district court.[1]

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, affirming the trial judgment of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota under 18 U.S.C. § 3402.

In 1966, Peterson's parents granted wetlands easements to the United States over certain portions of their farmland in exchange for compensation. Peterson farmed the land at that time and disagreed with his parents' decision to grant the easements. Peterson later inherited the land subject to the easements.

Peterson disputed the extent and boundaries of the easements many times. In 1973, to resolve a dispute, Peterson and a representative from the Fish and Wildlife Service signed a map that contained the notation, "This map is drawn to clarify those wetlands covered by the easement." This map clearly shows, among other things, four separate areas that are not to be drained. Nevertheless, in 1999 and 2003, Peterson hired contractors to dig ditches that drained these four wetland areas.

The magistrate judge held a bench trial in which Peterson presented evidence including an impact study related to the land, the testimony of an expert witness, and photographic evidence. The government presented evidence including expert testimony as to the impact that Peterson's actions had on the wetlands. Peterson did not dispute the fact that he hired contractors to dig the ditches that touched upon the four wetland areas. Instead, he argued that the ditches were permissible under the easements. In particular, he argued that by digging the ditches, he merely cleaned out areas that were existing watercourses excluded from the easement. He also argued that the government failed to prove beyond a reasonable doubt that the wetlands he allegedly damaged were in existence prior to, and therefore subject to, the 1966 easements. Finally, he argued that evidence he introduced at trial proved that none of his activities actually damaged any wetlands. In a thorough and well-reasoned opinion, the magistrate judge rejected Peterson's arguments and found that Peterson's activities were in violation of the easements and in violation of §§ 668dd(c) and (f)(2). The district court affirmed.

Peterson repeats each of these arguments on appeal. As to each issue, Peterson and the government presented conflicting evidence at trial, and the district court

rejected Peterson's evidence as less convincing. Importantly, our review is not de novo. Rather, we must affirm the convictions if supported by substantial evidence. See United States v. Vaughn, 410 F.3d 1002, 1004 (8th Cir. 2005) ("In reviewing the sufficiency of the evidence after a bench trial, we apply the same standard that we apply when reviewing a jury verdict."). Further, as the finder of fact in a bench trial, the district court's determinations as to credibility are "virtually unreviewable on appeal." Id. (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)).

The first and second issues that Peterson raises are related to the extent of the easements. The admissions, testimony, maps, and photographic evidence provide more than adequate support for the district court's ruling as to the extent of the easements. We note in particular that, even if the 1966 easements and older materials left room for doubt, the 1973 map clearly demonstrates that the areas subject to Peterson's actions fall within the easements. As to the third issue, the district court found the government witness more credible on the issue of damage to the wetlands than Peterson's expert. We will not disturb the district court's credibility finding.

We affirm the judgment of the district court.

_____