# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4124

———————

United States of America,

            Appellee,

v.

Alfonzo Traymayne Lee,

            Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*

———————

Submitted: April 20, 2006
Filed:  June 27, 2006

———————

Before ARNOLD and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

———————

BOGUE, District Judge.

Alfonzo Traymayne Lee ("Lee") was convicted on one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and one count of using, carrying, or brandishing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court[2] sentenced Lee to 262

———————

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

months' imprisonment on Count I and a consecutive 84 months' imprisonment on Count II. Lee raises four arguments on appeal. We affirm.

Lee first argues that the evidence presented was insufficient to support the jury's conspiracy conviction. Although we review de novo whether the evidence was sufficient to support a conviction, United States v. Sheikh, 367 F.3d 756, 763 (8th Cir. 2004), we must view the evidence in the light most favorable to the verdict, resolving all evidentiary conflicts in the government's favor, and accepting all reasonable inferences that support the jury's verdict, United States v. Cook, 356 F.3d 913, 917 (8th Cir. 2004). Lee's primary contention is that the government's witnesses were almost all cooperating witnesses testifying about purchases or sales of crack with Lee. All the witnesses, Lee contends, spent time with each other in Saline County (Nebraska) Jail, and all knew what the others were going to testify about. Further, Lee argues all the evidence against him was circumstantial, and the only physical evidence was a small amount of crack and marijuana recovered from Lee during his arrest.

Viewed in light most favorable to the government, the evidence reveals the following. Lee was involved in extensive drug dealing activity in Lincoln, Nebraska. Several of Lee's coconspirators testified against Lee at his trial. The witnesses testified about Lee's numerous sales and purchases of crack in quantities ranging from one-eighth of an ounce to three ounces. Others testified about Lee's possession of a handgun during drug transactions. Three witnesses testified about discussions with Lee about purchases of large amounts of cocaine from Denver, though no purchase ever occurred with any of the three. Still another witness testified that Lee struck him with a handgun during a drug transaction and, later in the transaction, Lee showed the handgun to the witness to intimidate the witness.

"It is well-established that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if the testimony is not otherwise incredible or unsubstantial on its face." United States v. Vaughn, 410 F.3d 1002, 1004 (8th Cir.

2005) (citation omitted). The jury concluded the government proved the conspiracy count beyond a reasonable doubt, and it is the jury's duty to evaluate witness credibility. See United States v. Cole, 380 F.3d 422, 426 (8th Cir. 2004). When, as in this case, "the [factfinder] credited the conspirators' testimony[,] these credibility findings are 'virtually unreviewable on appeal.'" Vaughn, 410 F.3d at 1004 (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)). We conclude sufficient evidence was presented to sustain Lee's conviction.

Second, Lee argues the district court should have instructed the jury with regard to the charge that he brandished, rather than merely possessed, the firearm at issue in this case. Lee contends a finding that he brandished the firearm is a material element of Count II that increased his sentence on that count from 60 months to 84 months. Under 18 U.S.C. § 924(c)(1)(A)(i), a defendant who uses, carries, or possesses a firearm in relation to a drug crime is subject to a five-year minimum sentence. But under section 924(c)(1)(A)(ii), a defendant who brandishes a firearm is subject to a seven-year minimum sentence. The Supreme Court and this court have rejected the argument that a finding as to brandishing needs to be made by a jury. See Harris v. United States, 536 U.S. 545, 568 (2002) (holding a two-year increase in a defendant's minimum sentence based on a judicial finding the defendant "brandished" a firearm does not evade Fifth and Sixth Amendment requirements); United States v. Keller, 413 F.3d 706, 709-10 (8th Cir. 2005) (same). Thus, the brandishing charge did not have to be submitted to the jury nor proved beyond a reasonable doubt.

Third, Lee contends the district court erred in calculating his Sentencing Guidelines range, on Count I, as 262 to 327 months. Lee argues the court was not permitted to enhance his offense level unless the facts supporting enhancements for brandishing the firearm, for the amount of crack cocaine involved in the conspiracy, and for his role in the offense, were submitted to the jury and proved beyond a reasonable doubt. Lee also argues the district court was not permitted to increase his criminal history category without having his prior convictions submitted to the jury

and found beyond a reasonable doubt.  Additionally, Lee contends the district court erroneously treated the Guidelines as mandatory, rather than advisory.

Under the advisory Guidelines scheme, courts are required to find sentence-enhancing facts only by a preponderance of the evidence.  United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006).  "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."  18 U.S.C. § 924(c)(4).  The court found that Lee brandished the firearm based on testimony that Lee struck another member of the conspiracy with a handgun during a drug transaction and also showed the handgun to the other conspirator in order to intimidate him.  Under the preponderance of the evidence standard, the district court did not err in finding Lee brandished the firearm.  Further, extensive evidence presented at trial about Lee's drug transactions supported the district court's drug quantity finding.  Also, several witnesses testified regarding Lee's leadership or supervision of at least one other person, a man identified only as "Thug," making the two-level enhancement under U.S.S.G. § 3B1.1(c) appropriate.  Accordingly, the district court did not err in calculating the amount of drugs attributable to Lee, nor in enhancing Lee's offense level for brandishing a firearm and his role in the offense.

As to Lee's contention that the district court should have submitted the issue of his criminal history to the jury, we have observed that, "[i]n Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998), the Supreme Court ruled a prior felony conviction is a sentencing factor for the court, not a fact issue for the jury." United States v. Carrillo-Beltran, 424 F.3d 845, 847 (8th Cir. 2005).  Thus, the district court was correct in calculating Lee's criminal history.  Furthermore, the district court did not treat the Guidelines as mandatory, despite Lee's contention to the contrary. In fact, the district court specifically recognized that the Guidelines are no longer mandatory, stating it was sentencing Lee after considering all the statutory goals of

sentencing and finding nothing to indicate Lee's case was unusual or different from other drug conspiracies. Thus, the district court did not err in calculating Lee's criminal history and did not treat the Guidelines as mandatory.

Finally, Lee argues the district court gave undue weight to the Guidelines, refusing to depart therefrom even though departures no longer are limited to circumstances that the formerly mandatory Guidelines deemed permissible bases for departure. Lee also contends his sentence, calculated under the "Crack Cocaine Guidelines," is greater than necessary to promote the goals of 18 U.S.C. § 3553(a), resulting in a sentencing disparity and an unreasonable sentence. Even after the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), "[t]he discretionary decision not to depart under the guidelines continues to be unreviewable on appeal." United States v. Anderson, 446 F.3d 870, 877 (8th Cir. 2006). Also, sentences within the Guidelines range are "presumptively reasonable." United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Finally, "sentencing within the Guidelines based on the crack-powder [cocaine] disparity is not inherently unreasonable." United States v. Cawthorn, 429 F.3d 793, 803 (8th Cir. 2005). The district court properly analyzed the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence in this case. Accordingly, we affirm in all respects.

_____