# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2447

_____

United States of America,           *

                            *

         Appellee,        *

                            *   Appeal from the United States

   v.                   *   District Court for the

                            *   Southern District of Iowa.

Juan Carlos Suarez-Avalos,     *

                            *   [UNPUBLISHED]

         Appellant.       *

_____

Submitted:  July 21, 2006
Filed:  August 8, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Juan Carlos Suarez-Avalos (Suarez) appeals the 50-month prison sentence the district court[1] imposed upon his plea of guilty to illegal reentry into the United States after he had previously been deported, in violation of 8 U.S.C. § 1326(a).  On appeal, counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967).

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

The district court's calculation of Suarez's Guidelines sentencing range included two criminal-history points assessed because Suarez was on parole when he committed the instant offense. Suarez argues the assessment of these points violated his Fifth and Sixth Amendment rights because the fact he was on parole was not charged in his indictment and proven to a jury beyond a reasonable doubt.

Suarez's argument is without merit. First, this circuit has rejected the argument that sentencing factors must be charged in a criminal indictment. See United States v. Thomas, 398 F.3d 1058, 1063 (8th Cir. 2005) (sentencing factor does not need to be pled in indictment or put before jury). Second, the criminal-history points were assessed based on the admission of Suarez's attorney that Suarez was on parole. See Blakely v. Washington, 542 U.S. 296, 303-04 (2004) (sentence may be imposed by judge if it is based solely on facts "admitted by the defendant"); United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005) (Sixth Amendment rights are not violated when sentence is enhanced based on admission of facts supporting enhancement).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw.[2]

_____

---

[2]Counsel is reminded that his duty to represent the defendant does not end until he has fulfilled his obligation to "promptly advise the defendant of the procedures for filing a petition for a writ of certiorari pro se" in accordance with the Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964.