# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2866

_____

United States of America,                    *
                                              *
             Appellee,                     *
                                              *     Appeal from the United States
      v.                                          *     District Court for the
                                              *     Northern District of Iowa
Robert Samuel Wilkinson,                      *          [UNPUBLISHED]
                                              *
             Appellant.                    *

_____

Submitted:  May 23, 2007
Filed:  May 29, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Robert Wilkinson challenges the 188-month prison sentence imposed by the district court[1] following his guilty plea to a charge of aiding and abetting the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851, and 18 U.S.C. § 2. Wilkinson argues on appeal that the district court erred in denying his motion for a downward departure under the Sentencing Guidelines, based on his post-offense rehabilitation efforts, and that his sentence is unreasonable

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

because the court did not afford sufficient weight to this rehabilitation, pursuant to 18 U.S.C. § 3553(a). We affirm.

The district court's discretionary decision not to depart under the Guidelines is unreviewable, because the court clearly understood its authority to depart but chose not to do so, finding Wilkinson's efforts not extraordinary. See United States v. Lee, 451 F.3d 914, 918 (8th Cir. 2006) (discretionary decision not to depart under Guidelines continues to be unreviewable on appeal), petition for cert. filed (U.S. Oct. 30, 2006) (No. 06-7591); United States v. Chapman, 356 F.3d 843, 847-48 (8th Cir. 2004) (because U.S.S.G. § 3E1.1 already takes into account post-offense rehabilitation, departure under U.S.S.G. § 5K2.0 is warranted only if defendant's efforts are exceptional or fall "outside the heartland" of the Guidelines).

Prior to pronouncing its sentence, the district court expressly stated that it was considering all the section 3553(a) factors and specifically considered Wilkinson's post-offense rehabilitation efforts. The district court gave proper weight to Wilkinson's rehabilitation efforts and sentenced him at the bottom of the advisory Guidelines range. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (standard of review). The district court's sentencing decision was not unreasonable.

The judgment is affirmed.

_____